William Freeman v. United States Postal Service Robert Marge LaPaula v. Lartre Madam Claser Court, I'm Robin Marge from the law firm Laimor Copland. The issue Before the court is relatively simple. In reducing fees, the fees of the case under appeal, did the board comply with the standard this court established in Crumbaker, the Member Systems Protection Board, for fee reductions, or did it err as a matter of law in failing to meet the standard? In Crumbaker, this court established, firmly established, the standard that when the board eliminates hours of service in a adequately documented fee petition, it must identify those hours it's eliminating and articulate the reasons for the elimination, and it must articulate the elimination in more than a few requests here, it was 45 pages? I mean, it was a lengthy. Correct, Your Honor. All right. What is your view on what would have been enough? I mean, does the case law require that the AJ go through every line item, every page? I mean, what is enough? What is the degree of specificity that would have been sufficient? It has to do so, according to Crumbaker, in the standard established in a clear manner, in a reasonable manner, even if it's a concise manner. It can't do so in a conclusory manner by simply stating, as this judge did, that the fees are excessive, or that he... But he said, for example, looking at the Respondent's Appendix, in the red brief 22, which is your pre-hearing submission, the trial judge said 50 hours is too much for that. Well, I think... 16 pages, 50 hours, that's over a week to produce this document, especially when there wasn't much new in the document that hadn't been generated earlier. I think in the fee, in his section on the petition for review, that the judge came very close, if not meeting, I think his  Well, the petition for review, this is in your pre-hearing submission, this is a piece of paper you gave before you had your one-day hearing. And according to the record, I read below, it said you charged nearly 50 hours to produce this 16-page piece of paper. And the judge said that's... I mean, the government said this is, from their point of view, crucially excessive, the amount of time in the pre-hearing submission, and two or three other categories. Well, the only hours that the judge specified... I understand those are the hours that he specified, but I mean, somebody went back through and fished out some hours to get this 50-figure? The government said there were 50 hours connected with the pre-hearing submission, and I didn't see your reply. I believe that was the agency counsel, Your Honor. I'm surprised to see you disagree with that in your reply. Well, the agency counsel specified those hours. The judge, in his decision on the fee petition, only on the section, on the first section, which dealt with the period of time from February 2003 through September 2003, the only hours he specified were 14.5, which were 10 hours. You know, I understand he took some specific hours out. They were duplicates, you had too many people working on it, or some issue like bankruptcy, so it was irrelevant. Correct. And he has his percentage whacked down. He's saying, look, I'm looking at the amount of chunks of time associated with these various categories and time periods in the lawsuit. These just seem to me to be too much. I take your argument to be that a judge, district court judge or agent, may never use a percentage marking. No, Your Honor. And in what circumstances may a judge use a percentage marking? The case law establishes that a judge can use a percentage markdown in the limited circumstances where either the document, the fee documentation is either inadequate, it's either vague, undecipherable, or where the Crumbaker case infers it could be used, or Norcross, where the litigation is voluminous. It's not enough to have a fact finding by a trier fact. In this particular case. Wait a second. That the hours are grossly excessive, particularly the hours involving discovery, preparation of the pre-hearing submission, and preparation for the hearing. Those are three distinct categories in which there was a fact finding that the request, the hours claimed, were grossly excessive. And he has the discretion. What's he supposed to do? Is he supposed to go through, and you look at your time charts, real hard to tell where the discovery is. He has the discretion to come to that conclusion, but under Crumbaker, he can't, under Crumbaker, simply stating that time is excessive is arbitrary, capricious, and an error of law. He then has to identify the hours and make more of an explanation in terms of which hours. Is it the hours we're deposing? Five of the agency representatives? Is it the hours that... So you are suggesting, I mean, each of the judge decided it seems perfectly reasonable. You divided this case, the fees, into chunks, different stages of the litigation. You seem to be suggesting with the case law requires that that's not specific. That he has to take every line item, every line item, and analyze four hours for deposing Mr. X, five hours for deposing Ms. Wyatt. Is that your view of what he's required to do? He has to go through each line item? I mean, simply categorizing the time periods is really... That's not identifying the hours. It's no different from saying the fee petition goes from February 7th through X date. That's not identifying the hours. Crumbaker expressly states that simply stating fee petition is excessive is inadequate. I understand the temptation to say this is excessive. This is tedious business. No, so I mean, just my question is, is he required under the case law to go through every line item to say four hours were spent on this deposition. I think it only should have taken two hours. Next, next, next. Crumbaker expressly states that, and board precedent preceding Crumbaker states that the judge has to identify hours. So the answer to my question, yes. Yes, that's this court's standard and has not been overruled. So the two-part standard is not my standard. It's this court's standard. The two-part standard is they have to identify the hours so that the court can then evaluate, is their determination supported by substantial evidence? The court did identify discovery as a particular problem and there are several hours listed in your bill that deal with discovery. So why wasn't the judge focusing on those hours when he concluded that there were far too many hours spent in discovery? How would he have been able to say that unless he had some clue as to how many hours were spent in discovery? He doesn't identify them. He has to identify them. Identify the specific hour? It is up... You have the discretion to change the standard, but the standard as it stands now is Crumbaker. And... This is the question that's been brought by him. If there's a shortfall here, your total bill is $250,000, something like that? Well, for... What's at issue here is about $140,000 something. So a shortfall. Well, the difference between... Between the terms 61. The difference, right. So as if... Heaven forbid, from your point of view, if we were a firm, is Mr. Freeman still on the hook? He is not on the hook. Excuse me? He is not on the hook. And what is at issue here is not our firm, simply our money. The larger public policy purpose here is access to counsel for federal employees who are subject to unwarranted removal from their employment. In this particular case... Let me ask you this question. As Judge Crouch was sort of getting at, who's supposed to do the nitty-gritty? I suppose if I had been Judge Garrity, I could have said to you, look, I'd like to get at the bottom of this. I want to be fair. Let's start off with the first bill, this half an hour here, initial meeting bill. What happened? We met with... I would say I didn't really take a half hour. I'd like to know... So I would go through each one of the charges and ask you pointedly, what did you do? Who was in the room? Was it duplicate? And then I would be able to, at the end of the day, say which ones I'm going to take in and take out. You said that would satisfy a firm maker, no question about it, right? Absolutely. Practically speaking, I think... How, for example, in your brief you complained, gee, there were some really valuable hours before the agency ever really filed its formal complaint and we were in there trying to talk them out of doing it. We should be very prudent. That's crucial. How's the judge supposed to know? Why didn't you tell him? He had the right... He did. That's one reason... You told him where? Well, that's one reason... Where did you tell the judge through these bills? Which of these suspect hours were especially valuable in trying to get the case off the path? That was one reason why so much time was spent on the fee petition and those letters were attached to the fee petition. If all that's true, ma'am, why don't you give a piece of paper to the agency pointing out particularly those hours that were expended and putting an affidavit associating them saying these were the really valuable hours, ma'am? We attached the letters, Your Honor. A letter? We attached, as exhibits to the fee petition, the letters that we prepared prior to the removal. We spent a tremendous amount of hours trying to convince the agency not to remove this employee, to avoid the litigation, and to... I understand that those letters... ...to tell them they weren't... Who knows whether those letters, like your pretrial submission, took 50 hours or whether all you took, you know, 50 minutes. My point is that it's very easy for someone in your position, especially when you're facing someone who's being critical of your fees, like the agent. You could have filed a request for review of the full board and gone in, chapter and verse, and laid down every single hour and said we think it was wrong here to take a percentage cut. We can demonstrate value added with every single one of the eight hours, other than the ones that were thrown out by the judge. I mean, isn't there a little bit of a burden on the private party, on the lawyer, to be able to explain to the judge where the judge is going wrong? We believe we did... All you really said to me is that the judge messed up because he didn't take the time to depose you with regard to every single answer. For this court, we believe what's at issue is he engaged in an error of law in his methodology, and we're requesting that it be remanded for a proper application from Baker. Why don't we hear from the other side now? Come back when you're done. Thank you, Your Honor. Good morning. May it please the court, my name is Anna Crawford, and I represent the appellee of the United States Postal Service in this matter. The sole issue in this case is the method used by the administrative judge to reduce the excessive fees for when he regarded it as an empty case, whether it was arbitrary, capricious, or an abuse of discretion to use the method that he did use. Faced with inaccurate documentation of the approximately four solid months of claimed variables, the administrative judge met his statutory obligation to reduce the sought fees to a reasonable fee consistent with his experience and understanding of what a vacation costs. Would it be sufficient if I were to say he was the A.J. and say, look, I sat here for this case and I've tried 14,000 other cases and it's my view that this should have been the hours charged sufficiently when it amounted to $60,000 as opposed to $240,000. Is that sufficient? Yes, Your Honor, I believe that's ultimately what he concluded with some articulation of his reasons, but yes, I believe that that is appropriate. We didn't say that in this case. I didn't see any words of Gary's opinion where he said, I've tried several of these cases and basically the $60,000 or so is about what it should have cost. Well, Your Honor, he does imply in his decision he's falling back on his experience with regard to the petition for fees. In particular, he said that the amount of fees, the four months, but essentially four weeks rather, of fees claimed in that particular activity is more than what's normally awarded for the entire case or the entire NCD. How do you think that meets the standard in the case law? I mean, is that really a sufficient articulation? I think he did articulate... I'm not asking... I'm asking you hypothetically if all the judge did was sit back and say, I've looked at the request and based on my experience it should have only cost $60,000 to locate this case. Well, if those were the facts... Yes. I'm asking you hypothetically. I don't think that that would be a sufficient articulation. If he were to simply eyeball the bill and to say this is excessive, I don't believe that that would meet the standard in the case law, but I don't believe that that's his case. How do we know where the judge came up with the two-thirds and two-thirds versus three-fourths versus 55 percent? Is there any articulation by him of two-thirds, 66 percent? Well, he only applied that, I believe, in the stage where the remand had occurred from this court to the board and really nothing was being done. And I believe that... I didn't know the attorney fee petition. Right. And... Because he says this is particularly gruesome. Right. He said, are you kidding me? $40,000 for the attorney fee petition? He's got an ordinary case. Yeah, that's about what you do for an ordinary case. Right. Where he came up with the two-thirds I don't know, but I believe he's bringing it in line with what he understands to be the run of cases that come before him in his experience with the board. It's not... I mean, it's not... His analysis could have been, well, they asked for $45, and based on my experience, I only think it takes 16 hours, and therefore, I'm walking him down the street where the remand is for 16 hours. But rather than do that, he came up with two-thirds, which is... Do you think that references to one two-third, two-thirds of the time spent was excessive? Do you think two-thirds relates to the amount of time? Well, I think it's simply the method that, yes, they do, and I think he selected that particular method to bring it down to more like, I believe it was 40 hours of time, which, again, I suppose he could have said it should have taken 40 hours of time, that's what I'm going to give you, but instead he used a two-third multiplier to bring it down to 40. But why he used that method versus the other method, I don't know, but I should point out that that method is adopted by other courts, including this court in the Saxton case, which is, of course, a different case, not an MSDB case, but this court has deferred the judgment of AJs who have applied their experience to bring the fees in line with what the case should have cost. If we remanded the case and Judge Garrity simply took the categories, three or four categories, that he put the fees into, and, for example, on the 50%, just simply went through and picked out an hour, totaled up the hours, was only an hour for 240, so he picks 120 hours out and says, oh, throw those out. He does the same with the categories. Then, presumably, there would be no basis for Ms. Marsh to complain. The hours would have been identified, right? That is another method, although I assume that Ms. Marsh would have complained because the judge, in this case, did not go through a line-by-line induction through all of the cases. But without having sat down with Ms. Marsh and going through her hour-by-hour and getting her sworn testimony as to the hours, it would be wildly serendipitous and arbitrarily precocious simply to pick one of two discovery hours and throw it out. Yes, Your Honor. Because you're conceding that one hour was a good hour. Right, Your Honor. That's our argument, is that how could he have decided that on August 12th, for example, the five hours for hearing preparation would be allowable versus the days spent a week later under the category of continued hearing preparation. Were they lumped together with telephone calls, reviews of documents, preparing correspondence that we don't know what correspondence is being drafted, it would have been arbitrary for the judge to try to assume how much time in that multiple listing was used on hearing preparation and to have tried to, on a line-by-line basis, eliminate the hours that Attorney March feels he should have. Well, that's why I was wondering whether when we're talking about identifying the hours in the crime record, we don't say specifically you identify the hour from a particular bill and the description of the time of that hour that you identify and the chunk of time you're going to throw away, and you're certainly doing that indirectly when you say I'm throwing half the hours out. You're indirectly identifying the hours that are being thrown out. It's half of them. But you simply haven't specified which one. Wouldn't you argue that that's sort of a percentage cut, provided that you have the reasons that were stated here in this case satisfied permanently? Yes. Satisfies its identity. So long as, yes, he articulates his reasons and the documentation is adequate. That's the difference between this case and Crumbaker, is that the documentation in Crumbaker was not adequate. There was no claim by the government that it was inadequate. Also, there was no claim with excessive fees in that case, and there certainly is here. So... So... The board certainly has allowed percentage reductions in the past. In fact, there was some research over the weekend on several cases in which when the case has been presented to the full board and all the challenges from the age agency from the full board is accepted a percentage cut. That's correct. In other courts, in other jurisdictions, in other senates, including this court in the Axiom Senate. That's correct. In the Saxton case and also this court in court in Crumbaker      case, which was a case in which there was a case in which there was a case in which there was a case in which there was a case in which there was a Title VII case where the  There was a Title VII case where the trial judge reduced the fees reduced the fees by one half. He's that percentage. In the Saxton case, this court decided also to another case, Holter case, where similarly the sixth circuit employed a rather trial court in that case to apply a percentage reduction. It's something that's not uncommon and is appropriated in a case like this where the bill does not lend itself to a more closer pruning of the hours based on the way it's prepared and based on the way it's written. In this particular instance, it's incumbent upon the the plaintiff or the party seeking the fees to establish the reasonableness of their fee to adequately document their fee so that the reviewing court can identify the hours spent and to use billing judgment to reduce the excessive fee excessiveness of the bill. Here, the documentation was inadequate as I said. The judge was faced with hundreds of entries without adequate justification for what time was spent on which activity. I believe the trial court judge or the administrative judge pointed out that something like 90 hours was spent on various telephone calls and communications and conferences in the initial phase of the proceeding which culminated in a one-day hearing. 50 hours as your Honor pointed out was spent in discovery. All that happened in discovery was one set of written discovery exchanged by both parties, depositions amounting to two hours apiece, and as you said, the case culminated in a one-day hearing with five witnesses. I presume that there's a fine line here too that the board got people into and questioned these records once you get the attorney plan for the trial and how deeply are you allowed to go into this administrative judge? Well, the judge has to make the role under the statutes the statutory obligation to award a reasonable fee and so he's going to have to make some judgment based on the bill and to understand what the bill is for. So it's incumbent upon Ms. Marsh to explain to the judge what she's seeking and why and what the hours were spent on. By asserting though in a fee request that a particular hour charge was reasonable and necessary for the person to give an advice and an attorney waiting approval? The attorney might be. If somebody is fair to say, well, look, I'll be happy to let the government pay you for that hour if that's really what you did. Would the judge be able to say... I'm sorry. I don't know if the presiding judge's concern as I understood it, but the degree of specificity that Ms. Marsh is suggesting is required in every case certainly states awfully close, sounds close to the limit in terms of the rate of approval. MS. MARSH So as I said, there are multiple listings in which the various activities are lumped together. There are multiple very general descriptions, for example, five hours spent on hearing preparation the next day, five hours spent on continued hearing preparation, multiple hours, which are not otherwise multiple entries. It is not really very clear what it is that's being charged. The judge did the best he could applying his experience in these matters. He made a line-by-line review. We know that he eliminated numerous items because they were irrelevant or not properly charged to the government. He researched, obviously, board precedent, compared this case to the Gettysburg case, which was a board case, and found that using the addition from that case, this case is a routine and non-complex case, and that particular finding has not been challenged by counsel. He articulated his reasons in a way so as to permit held review, and, as I believe Ron asked earlier, it's not clear what method counsel believes the judge should have used other than the one that he did use. Counsel's approach would require many assumptions on the part of the judge as far as if he were to go back and do a line-by-line review, or cutting of the hours, and it's the position that the court should defer to the board's judgment and experience in awarding a generous amount of it to the board in this case. Thank you. Thank you. Mr. Marsh, let me just go back to the question that you asked about the difference between the fees, that was $50,000, and what you were awarded, you say is no longer in the book for the difference. Correct, Ron. The overall fee in the beginning was $250,000. Correct. Is he eligible for that? He is not. I'd first like to note that despite the agency's allegations that the fee could not be deciphered or was inscrutable, the judge in his decision did not have a single word of criticism or complaint about the actual bill or the entries. The discovery that was undertaken in this case was exhaustive in part because we viewed, I in particular viewed the injustice that was done to this particular individual to be extremely egregious. It was an act in your position and the cases you deal with, whether it's a patent infringement that you just heard, when you deal with federal employment and the loss of federal employment in this particular case, it meant the difference between somebody supporting his family and not supporting his family. In this particular case, it was an individual with learning disabilities and mental disabilities. He went from support having a home to not having a house to supporting his children to not supporting his children to having a future and not having his income. We put time into the case because he went from $55,000 to earning less than $20,000. He is restored to his employment. He is. He would not have a future that he could support his family, so we put everything into this case because he could not duplicate his income. We put time into   went from   than $20,000. He would not have a future that he could support his    this case because he went from $55,000 to earning less than $20,000. He would not have a future that he could support his family, so we put   because he  $55,000 to        future that he could support his family, so we put time into put time into this case because he could            could support his family, so we put shaped times into  because he could support his family, so we put